IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ISABEL DEL BUSTO, and all others
similarly situated,                           Case No.:

      Plaintiff,                          NOTICE OF REMOVAL OF ACTION
                                              UNDER 28 U.S.C. § 1441 (B)
vs.                                           (FEDERAL QUESTION)

THE ALHADEFF LAW GROUP, P.L.,
CABALA TITLE, LLC, and MARK
ALHADEFF,

      Defendants.
_____/

## NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

    **PLEASE TAKE NOTICE** that Defendants, THE ALHADEFF LAW GROUP, P.L.,

CABALA TITLE, LLC, and MARK ALHADEFF, hereby removes to this Court the state

action described below.

1.    On or about January 20, 2015, an action was commenced by Plaintiff in the

County Court of the Eleventh Judicial Circuit in and for Miami-Dade County Florida,

entitled, ISABEL DEL BUSTO, and all others similarly situated, Plaintiff, vs.

Defendants, THE ALHADEFF LAW GROUP, P.L., CABALA TITLE, LLC, and MARK

ALHADEFF, Case No. 2015-01042 CC 05.

2.    Defendants were served with the summons on January 28, 2015 and

received a copy of Plaintiff's complaint on January 28, 2015.  Pursuant to 28

U.S.C. § 1446(b), this notice has been timely filed.  A copy of the process Service

of Process, Complaint and Motion to Dismiss served upon Defendants in the state court action are attached hereto and referred to collectively as Exhibit "A".

3.     This is a civil action of which this Court has original Jurisdiction under 28 U.S. C. § 1331, and is one which may be removed to this Court by the Defendants pursuant to 28 U.S.C. § 1441(b) in that it arises under a law of the United States, commonly referred to as the Fair Labor Standards Act, 29 U.S.C. § 201-209.

4.     All Defendants who have been served with summons and petition have joined in this notice of removal.

       WHEREFORE, Defendants, the ALHADEFF LAW GROUP, P.L., CABALA TITLE, LLC, and MARK ALHADEFF, respectfully request that this action be removed to the United States District Court for the Southern District of Florida.

Respectfully submitted,

THE ORLOFSKY LAW FIRM, P.L.
Counsel for Defendants,
THE ALHADEFF LAW GROUP, P.L., a
Florida Corporation, CABALA TITLE,
LLC, a Florida Corporation, and
MARK C. ALHADEFF, individually,
767 Arthur Godfrey Road
Miami Beach, Florida 33140
Telephone: 305-538-2344
Facsimile:  305-907-5248


By: /s Alexander S. Orlofsky
        ALEXANDER S. ORLOFSKY, ESQ.
        alex@orlofskylawfirm.com
        Florida Bar No. 676705


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served

this 26th day of February, 2015 via email on Counsel for Plaintiff, ISABEL DEL

BUSTO, Eddy O. Marban, Esq., The Law Offices of Eddy O. Marban, 1600 Ponce De

Leon Boulevard, Suite 902, Coral Gables, Florida 33134; marbanlaw@gmail.com.

By: /s Alexander S. Orlofsky
        ALEXANDER S. ORLOFSKY, ESQ.

| ☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☒ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br><br>15-01042 CC 05 |
| PLAINTIFF(S)<br><br>ISABEL DEL BUSTO, | VS.  DEFENDANT(S)<br><br>THE ALHADEFF LAW GROUP, P.L.,<br>CABALA TITLE, LLC and MARK C.<br>ALHADEFF, | SERVICE |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s):  CABALA TITLE, LLC

c/o Marck C. Alhadeff, Registered Agent

11900 Biscayne Boulevard, Suite 289

Miami, Florida 33181

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney:  Eddy O. Marban, Esq.

whose address is:  1600 Ponce De Leon Boulevard, Suite 902, Coral Gables, Florida 33134

within 20 days * **Except when suit is brought pursuant to s. 768.28, Florida Statutes. If the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to, 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK OF COURTS | BY: _____<br>DEPUTY CLERK | JAN 2 2 2015<br>DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314 Rev. 01/11                                                    Clerk's web address: www.miami-dadeclerk.com

Filing # 22714730 E-Filed 01/20/2015 10:04:44 AM

IN THE COUNTYCOURT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.

ISABEL DEL BUSTO, and others similarly-situated,

       Plaintiffs,

vs.

THE ALHADEFF LAW GROUP, P.L., a
Florida corporation, CABALA TITLE, LLC, a
Florida corporation and MARK C. ALHADEFF,
individually,

       Defendants.

_____/

## COMPLAINT

COMES NOW Plaintiff, ISABEL DEL BUSTO, by and through her undersigned attorney, and hereby sues Defendants, THE ALHADEFF LAW GROUP, P.L., CABALA TITLE, LLC and MARK C. ALHADEFF, individually (herein after collectively referred to as "the Employer"), and alleges:

## JURISDICTIONAL ALLEGATIONS

1.    This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA").

2.    This is an action for damages more than $5,000.00 but less than $15,000.00, and this action is therefore within the jurisdiction of this Court.

## VENUE

3.     All facts giving rise to this cause of action, took place in Miami-Dade County, Florida.

4.     Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

5.     The corporate Defendants, THE ALHADEFF LAW GROUP, P.L. and CABALA TITLE, LLC, at all times material hereto, were doing business within the jurisdiction of the Court, where Plaintiff was employed, and at all times material hereto were and are engaged in interstate commerce.

6.     This action is brought by Plaintiff to recover from the Employer unpaid overtime wages, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

7.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material

hereto in excess of $500,000.00 per annum. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while she worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work the for the Defendants.

8.     By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff was within interstate commerce.

9.     The individual Defendant, MARK C. ALHADEFF is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporations and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Moreover, he controlled the purse strings for the Defendant corporate entities and had operational control.

10.     Defendant corporations are joint employers as contemplated by 29 C.F.R. § 791.2 (b)(1)-(3). One entity, THE ALHADEFF LAW GROUP, P.L., is a law firm that serviced clients in real estate transactions. The second entity, CABALA TITLE, LLC, is a title company which performed services and closings. Both entities had the same principles that directed Plaintiff's work. Both entities were located in the same place and were under the direction of the same principals. The Defendant corporations were not completely disassociated, and performed related activities. The Defendant corporations offered the same real estate representation and services. Defendant corporations have the same registered agent, officers, the same owner and/or operator, were controlled by the same individual Defendant and shared common offices. Moreover, Defendant corporations shared a common business purpose (i.e., legal services in real estate transactions).

3

## COUNT I
## UNPAID OVERTIME

Plaintiff re-alleges and re-avers the allegations in paragraphs 1 through 10 as if fully set forth herein.

11.     Defendants employed Plaintiff as a legal secretary and for the Defendant title company. Plaintiff was employed from approximately February 15, 2014 through August 14, 2014, and was paid approximately $12.50 per hour for forty hours, not including hours in excess of forty per workweek. Between February 15, 2014 through June 14, 2014, Plaintiff worked an average of 50 hours per week. Between June 15, 2014 through August 14, 2014, Plaintiff worked an average of 60 hours per week.[1] Defendants failed to pay Plaintiff her overtime wages for every hour worked in excess of forty hours weekly.

12.     At all times material hereto, the Employer failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. because Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA, but no provision was made by the Employer to properly pay her the rate of time and one-half for all hours worked in excess of forty per workweek.

13.     Defendants intentionally violated the FLSA, or showed reckless disregard the FLSA, by failing to pay Plaintiff her overtime wages because Defendants had knowledge of Plaintiff's schedule and the overtime hours that Plaintiff worked, failed to keep accurate time records, and failed to pay Plaintiff for any hours in excess of forty per week. Defendants remain

---

[1] At this time, Plaintiff has limited time and payroll records. Accordingly, we estimate her wages and reserve the right to amend the calculations. The calculations are but an estimate. The amount of her overtime wage damages will fluctuate once calculations are made week-by-week based on Defendants' time and payroll records. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S.Ct. 1187, 1192-93 (1946).

owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to recover double damages.

14.    The similarly-situated current and former employees are all those other employees who worked for Defendants and performed the same or similar duties as that of Plaintiff.

15.    Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is entitled to recover a reasonable attorney's fee.

WHEREFORE, Plaintiff and those similarly-situated requests compensatory and liquidated damages and reasonable attorney's fees from all Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff and those similarly-situated employees entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff and those similarly-situated do not recover liquidated damages, then Plaintiff and those similarly-situated seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

THE LAW OFFICES OF
EDDY O. MARBAN
1600 Ponce De Leon Boulevard, Suite 902
Coral Gables, Florida 33134
Telephone (305) 448-9292
Facsimile (305) 448-9477
E-mail: marbanlaw@gmail.com

By: *s/Edilberto O. Marban*
    EDDY O. MARBAN, ESQ.
    Fl. Bar No. 435960

Filing # 23867469 E-Filed 02/17/2015 04:17:14 PM

IN THE COUNTY COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

ISABEL DEL BUSTO, and others
similarly situated,

GENERAL JURISDICTION DIVISION

CASE NO. 2015-01042 CC 05

     Plaintiffs,

vs.

THE ALHADEFF LAW GROUP, P.L., a
Florida Corporation, CABALA TITLE,
LLC, a Florida Corporation, and MARK
C. ALHADEFF, individually,

     Defendants.

_____/

**DEFENDANTS, THE ALHADEFF LAW GROUP, P.L., CABALA TITLE, LLC, and
MARK C. ALHADEFF'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, THE ALHADEFF LAW GROUP, P.L., CABALA TITLE, LLC, and

MARK C. ALHADEFF, by and through their undersigned counsel, hereby files this

their Motion to Dismiss Plaintiff's Complaint for Damages pursuant to Florida Rule of

Civil Procedure 1.140(b)(6), and as grounds therefore states as follows:

1.     This is an action to recover money damages for unpaid overtime wages

allegedly owed by Defendants to Plaintiff.

2.     Plaintiff has filed suit in this Court against Defendants for unpaid overtime

wages under the Fair Labor Standards Act, 29 U.S.C. Secs. 201-219.

3.     Plaintiff has requested compensatory and liquidated damages and reasonable

attorney's fees and costs from all Defendants as to Plaintiff and those similarly

situated.

5.    Plaintiff fails to state a cause of action against Defendants, THE ALHADEFF LAW GROUP, P.L., CABALA TITLE, LLC, and MARK C. ALHADEFF that establishes any of the pre-requisites to a class action.

6.    Plaintiff also fails to state a cause of action against Defendants, THE ALHADEFF LAW GROUP, P.L., CABALA TITLE, LLC, and MARK C. ALHADEFF because Defendants are exempt from the Fair Labor Standards Act.

## I.    **STANDARD OF REVIEW IN A MOTION TO DISMISS**

7.    In ruling on a motion to dismiss, the trial court must confine itself strictly to the allegations within the four corners of the complaint, Kest v. Nathanson, 216 So. 2d 233, 235 (Fla. 4th DCA 1968); Pizzi v. Central Bank and Trust Co., 250 So. 2d 895, 897 (Fla. 1971); Airport Sign Corp. v. Dade County, 400 So.2d 828 (Fla. 3d DCA 1981), and must accept the allegations as true. Popwell v. Abel, 226 So.2d 418, 420 (Fla. 4th DCA 1969).

## II.    **PLAINTIFF HAS FAILED TO ESTABLISH THE PREREQUISITES TO CLASS REPRESETATION**

8.    Rule 1.220(a) of the Florida Rules of Civil Procedure states that:

> Before any claim or defense may be maintained on behalf of a class by one party or more suing or being sued as the representative of all the members of a class, the court shall first conclude that (1) the members of the class are so numerous that separate joinder of each member is impracticable, (2) the claim or defense of the representative party raises questions of law or fact common to the questions of law or fact raised by the claim or defense of each member of the class, (3) the claim or defense of the representative party is typical of the claim or defense of each member of the class, and (4) the representative party can fairly and adequately protect and represent the interests of each member of the class.

9.    Furthermore, Rule 1.220(c) of the Florida Rules of Civil Procedure states that:

> Any pleading, counterclaim, or crossclaim alleging the existence of a class shall contain the following:
>
> **(1)** Next to its caption the designation: "Class Representation."

**(2)** Under a separate heading, designated as "Class Representation Allegations," specific recitation of:

> **(A)** the particular provision of subdivision (b) under which it is claimed that the claim or defense is maintainable on behalf of a class;
>
> **(B)** the questions of law or fact that are common to the claim or defense of the representative party and the claim or defense of each member of the class;
>
> **(C)** the particular facts and circumstances that show the claim or defense advanced by the representative party is typical of the claim or defense of each member of the class;

**(D)**

> **(i)** the approximate number of class members, (ii) a definition of the alleged class, and (iii) the particular facts and circumstances that show the representative party will fairly and adequately protect and represent the interests of each member of the class; and

**(E)** the particular facts and circumstances that support the conclusions required of the court in determining that the action may be maintained as a class action pursuant to the particular provision of subdivision (b) under which it is claimed that the claim or defense is maintainable on behalf of a class.

10.    Plaintiff has entirely failed to put forth any evidence to establish any one of the four prerequisites listed in Fla. R. Civ. P. 1.220(a) required to maintain a class action. Plaintiff has failed to establish that the members of the class are so numerous that separate joinder of each member is impracticable, as Plaintiff has failed to identify any other member of the class. Plaintiff has failed to establish that a commonality of question of fact or law exists between members of the class, given that Plaintiff is the sole member identified. Finally, as the sole member of the class, Plaintiff has failed to establish that her claim is either typical or representative of a class.

11.    In fact, Plaintiff's claim is fact specific. She claims that she was not paid overtime for a specific period of time within her tenure with the Defendants. She

has not established that this was a systemic issue, or that any other employee was similarly denied overtime. In fact, Plaintiff has failed to note that she was, in fact, the only employee in her position at all times pertinent to this claim.

12.     Plaintiff has also failed to provide any of the pleading requirements of Fla. R. Civ. P. 1.220(a) required to maintain a class action. Plaintiff has not included any necessary captions or designations of "Class Representation", any necessary "Class Representation Allegations", nor any specifics as to the number of class members, a definition of the alleged class or any particular facts or circumstances to establish the class.

12.     Plaintiff has merely included the language, "Plaintiff, and other similarly situated" in the case style and in her concluding request for damages, attorney's fees and costs, and other relief.

13.     Finally, <u>Davis v. Mostyn Law Firm, P.C.,</u> in determining whether to certify a class, held that:

> Plaintiffs must also offer evidence that others seek to join the lawsuit. *Parker v. Rowland Express, Inc.*, 492 F.Supp.2d 1159, 1164-65 (D. Minn. 2007) ("Simply put, a plaintiff must do more than show the mere *existence* of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit."); *Rodgers*, 2006 U.S. Dist. LEXIS 23272, at *8 ("A plaintiff's or counsel's belief in the existence of other employees who desire to opt in and unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify certification of a collective action and notice to a potential class.... Rather, a showing that others desire to opt in is required before certification and notice will be authorized by the court." (internal quotations and citations omitted)). Reliance on the plaintiff's "own allegations that the putative class members exist and together were the victims of a single decision, policy, or plan is insufficient to meet [the] burden" of showing "that the additional aggrieved persons exist and want to join the lawsuit." *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 U.S. Dist. LEXIS 5002, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007). *See also Clark v. City of Fort Worth*, No. 4:10-CV-519-Clark, 800 F. Supp. 2d 776, 2011 U.S. Dist. LEXIS 3082, at *10 (S.D. Tex.

Jan. 11, 2011) (denying issuance of FLSA notice in part because plaintiffs had done little more than allege the existence of potentially similarly situated employees); *Morales*, 2009 U.S. Dist. LEXIS 71765, at *9-10 (concluding that class notice would not issue, in part because plaintiff failed to show that similarly situated persons would actually seek to join the lawsuit); *Detho*, 2008 U.S. Dist. LEXIS 29502, at *17-18.

However, the participation of additional plaintiffs in a lawsuit after the initial plaintiff is relevant in determining whether there is a reasonable basis to assume that similarly situated individuals would seek to join the lawsuit. *Prater*, 2007 U.S. Dist. LEXIS 85338, 2007 WL 4146714, at *8.

Davis v. Mostyn Law Firm, P.C., 2012 U.S. Dist. LEXIS 6014, 31-32, 2012 WL 163941 (S.D. Tex. Jan. 19, 2012)

14.     In the present case, Plaintiff has not only failed to provide evidence that other employees intend to opt into the lawsuit but also failed to offer even "[r]eliance on the plaintiff's 'own allegations that the putative class members exist...'" Plaintiff has offered absolutely no evidence of the existence of even one other similarly situated employee with intent to opt into the lawsuit.

## II.     DEFENDANTS ARE EXEMPT FROM THE FAIR LABOR STANDARDS ACT, PURSUANT TO 29 U.S.C. SECTIONS 203-207

15.     Plaintiff has erroneously filed its claim under the Fair Labor Standards Act, as Defendants are exempt from the act as it applies to overtime pay, based on Florida Statutes and case law. Plaintiff has presented no evidence, and indeed none exists, that she qualifies for either enterprise coverage or individual coverage under the FLSA.

16.     Lawnco Services v. Unemployment Appeals Comm'n, states that:

The FLSA guarantees time and a half for overtime, **but only for employees who work for an "[e]nterprise engaged in commerce or in the production of goods for commerce."** 29 U.S.C.S. § 203(s)(1)(A) (2006). **These organizations are those that (1) have an annual dollar volume of sales or business done of at least $ 500,000; and (2) those that have employees engaged in commerce** or in the production of goods for commerce,

or that has employees handling, selling, **or otherwise working on goods or materials that have been moved in or produced for commerce by any person**. 29 U.S.C.S. § 203(s)(1)(A)(i), (ii) (2006).

Lawnco Servs. v. Unemployment Appeals Comm'n, 946 So. 2d 586, 589, 2006 Fla. App. LEXIS 21272, 6, 32 Fla. L. Weekly D 84, Unemployment Ins. Rep. (CCH) P8983 (Fla. Dist. Ct. App. 4th Dist. 2006) (emphasis added).

17.    In the present case, neither prong of the definition is met. Defendants do not

have an annual dollar volume of sales or business done of at least $500,000.00.

Defendants also do not have employees engaged in commerce, or in the production

of goods for commerce, or employees that handle, sell, or otherwise work on goods

or materials that have been moved in or produced for commerce by any person.

18.    In Thorne v. All Restoration Services, the Court noted that:

> **The Supreme Court has articulated that it is the intent of Congress to regulate only activities constituting interstate commerce, <u>not activities merely affecting commerce</u>**. McLeod v. Threlkeld, 319 U.S. 491, 497, 63 S. Ct. 1248, 87 L. Ed. 1538.Therefore, for an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce,*e.g.,* transportation or communication industry employees, or (ii) by **regularly** using the instrumentalities of interstate commerce in his work, e.g., **regular and recurrent use of interstate telephone, telegraph, mails, or travel**. 29 C.F.R. § 776.23(d)(2)(2005); 29 C.F.R. § 776.24 (2005). See, e.g., McLeod, 319 U.S. at 493-98 (finding that plaintiff's activities were purely local, and he was not engaged in commerce when he merely cooked and cleaned for railroad workers).

Thorne v. All Restoration Servs., 448 F.3d 1264, 1266, 2006 U.S. App. LEXIS 11469, 5-6, 152 Lab. Cas. (CCH) P35,140, 11 Wage & Hour Cas. 2d (BNA) 773, 19 Fla. L. Weekly Fed. C 533 (11th Cir. Fla. 2006)

19.    In the present case, in her work as secretary for Defendants Miami based

local businesses, Plaintiff did not engage in activities constituting interstate

commerce. Plaintiff did not regularly and recurrently use the interstate telephone, mail, email or travel as required by case law and the statute.

20.    Plaintiff, by infrequently making phone calls and sending emails to individuals out of state, did not affect interstate commerce, which is not sufficient to qualify her under the Fair Labor Standards Act.

21.    Given that Defendants do not fit either requirement for qualification as an enterprise, pursuant to 29 U.S.C. Sec. 203(s), Plaintiff, as a former employee does not qualify for the time and a half guarantee of the Fair Labor Standards Act.

22.    As Plaintiff has claimed her relief based solely on the applicability of this statute, her failure to qualify for its protection demonstrates a failure to state a cause of action upon which relief can be granted.

WHEREFORE, Defendants, THE ALHADEFF LAW GROUP, P.L., CABALA TITLE, LLC, and MARK C. ALHADEFF, respectfully request that this Honorable Court dismiss Plaintiff's Complaint, along with any other relief this Court deems necessary and proper.

Respectfully submitted,

THE ORLOFSKY LAW FIRM, P.L.
Counsel for Defendants,
THE ALHADEFF LAW GROUP, P.L., a
Florida Corporation, CABALA TITLE,
LLC, a Florida Corporation, and
MARK C. ALHADEFF, individually,
767 Arthur Godfrey Road
Miami Beach, Florida 33140
Telephone: 305-538-2344
Facsimile:  305-907-5248


By: /s Alexander S. Orlofsky
    ALEXANDER S. ORLOFSKY, ESQ.
    alex@orlofskylawfirm.com
    Florida Bar No. 676705


## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served

this 17th day of February, 2015 via email on Counsel for Plaintiff, ISABEL DEL

BUSTO, Eddy O. Marban, Esq., The Law Offices of Eddy O. Marban, 1600 Ponce De

Leon Boulevard, Suite 902, Coral Gables, Florida 33134; marbanlaw@gmail.com.

By: /s Alexander S. Orlofsky
    ALEXANDER S. ORLOFSKY, ESQ.

🛒 0 Item(s) in Basket                    Home    Online Services    About us    Contact us

 

## Civil Court Online System - Docket Information

BACK TO SEARCH RESULTS                ALL PARTIES                    START A NEW SEARCH

**DEL BUSTO, ISABEL vs THE ALHADEFF LAW GROUP, P.L.**
* Click on BOOK/PAGE of a particular docket to see the image if it is available *

**Case Number (LOCAL):** 2015-1042-CC-05 **Dockets Retrieved:** 7      **Filing Date:** 01/20/2015
**Case Number (STATE):** 13-2015-CC-001042-0000-05        **Judicial Section:** 06

| Date | Book/Page | Docket Entry | Comments |
|------|-----------|--------------|----------|
| 02/17/2015 | | MOTION TO DISMISS | |
| 01/29/2015 | | SERVICE RETURNED | BADGE # 5555 P 01/28/2015 DN03 |
| 01/29/2015 | | SERVICE RETURNED | BADGE # 5555 P 01/28/2015 DN02 |
| 01/29/2015 | | SERVICE RETURNED | BADGE # 5555 P 01/28/2015 DN01 |
| 01/22/2015 | | SUMMONS ISSUED | DN01 DN02 DN03 |
| 01/21/2015 | | EFILE NUMBER | : 22714730 |
| 01/20/2015 | | COMPLAINT | $ 0.00 |

BACK TO SEARCH RESULTS                ALL PARTIES                    START A NEW SEARCH

Civil Search Home | Civil Court Information | Email | Login
Home | Privacy Statement | Disclaimer | Contact Us | About Us   
2008 Clerk of the Court. All Rights reserved

S0142976